NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ELISEO GARCIA, JR., *Appellant*.

No. 1 CA-CR 24-0093

FILED 11-12-2025

Appeal from the Superior Court in Maricopa County
No. CR2019-139754-001
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellee*

Sandra Day O'Connor College of Law Post-Conviction Clinic, Phoenix
By Randal McDonald, Robert J. Dormady, Andi Humphreys, Jawana
Baxter (Rule 39(c) Certified Limited Practice Student), Allison Stroud
(Rule 39(c) Certified Limited Practice Student), Austin Morrow (Rule 39(c)
Certified Limited Practice Student)
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**       Eliseo Garcia, Jr., appeals the superior court's order denying his petition under Arizona Revised Statutes ("A.R.S.") § 36-2862 to expunge the records of some of his charges and convictions for marijuana-related offenses. We affirm because those charges and convictions are ineligible for expungement under the statute.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**       In 2019, the State charged Garcia with three counts of sale or transportation for sale of less than two pounds of marijuana under A.R.S. § 13-3405(A)(4) (Counts 1, 2, and 3), one count of possession for sale of less than two pounds of marijuana under A.R.S. § 13-3405(A)(2) (Count 4), and one count of possession for sale of less than two pounds of cannabis under A.R.S. § 13-3408(A)(2) (Count 5). In mid-2020, the parties entered into a plea agreement, which dismissed Counts 1 and 5 and convicted Garcia on Counts 2 and 3, amended to facilitation charges, *see* A.R.S. § 13-1004, and Count 4, amended to a solicitation charge, *see* A.R.S. § 13-1002. Under the plea agreement, Garcia would be placed on probation.

**¶3**       Garcia completed his probation, and the convictions were designated misdemeanors. In 2024, he petitioned to expunge his marijuana-related offense records under A.R.S. § 36-2862. The State responded that expungement was only appropriate for the possession counts. The superior court ultimately agreed with the State's position and expunged the records as to Counts 4 and 5, but not the remaining counts.

**¶4**       Garcia appealed from the denial of expungement for the offenses arising from the sale or transportation of marijuana, Counts 1 through 3. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(3), and 36-2862(F).

**DISCUSSION**

¶5        In late 2020, a voter initiative known as the Smart and Safe Arizona Act ("Act") legalized adult possession and personal use of marijuana in Arizona and authorized the expungement of certain marijuana-related criminal records. *See* 2020 Ariz. Legis. Serv. Prop. 207 (West) (codified at A.R.S. §§ 36-2850 to -2865); *State v. Sorenson*, 255 Ariz. 316, 318, ¶ 3 (App. 2023). As relevant here, A.R.S. § 36-2862(A) provides that a person "who was arrested for, charged with, adjudicated or convicted by trial or plea of, or sentenced for" having "possess[ed], consum[ed] or transport[ed] two and one-half ounces or less of marijuana," as "based on or arising out of conduct" predating the Act's effective date, may petition to have the related records expunged. The superior court must grant the petition unless the prosecuting agency shows ineligibility for expungement by clear and convincing evidence. A.R.S. § 36-2862(B)(3). We review denials of expungement petitions for an abuse of discretion, but we review issues of statutory interpretation *de novo*. *State v. Bouhdida*, 258 Ariz. 542, 544, ¶ 7 (App. 2024).

¶6        As we held in *Sorenson*, transporting marijuana with the intent to sell it, the only way to commit a "transporting" crime under our law, is eligible for expungement under A.R.S. § 36-2862(A). *Sorenson*, 255 Ariz. at 320, ¶¶ 11-12. But as we recently held in *Bouhdida*, selling marijuana is not eligible for expungement under the Act. 258 Ariz. at 544, 546, ¶¶ 9-10, 16-17. We reject Garcia's arguments that *Bouhdida* was wrongly decided. Contrary to Garcia's suggestion, *Bouhdida* tracks the plain statutory language and follows *Sorenson*. And although Garcia argues that the expungement statutes are broader than the decriminalization statutes, he does not allege any differences in how the statutes treat sales. As *Bouhdida* observed, nothing in the Act legalized the unauthorized sale of marijuana by individuals. *See id.* at 545-46, ¶ 16.

¶7        Garcia contends that the offenses he was charged with and convicted of—identified as "sale *or* transportation" in the complaint, facilitation of "sale *or* transportation" in the plea agreement, facilitation of "transportation *and/or* sale" in the sentencing order, and facilitation of "transport *and/or* sell" in the probation terms—are expungable because they arise from a "single unified offense" under A.R.S. § 13-3405(A)(4). (Emphases added.) A statute describes a "single unified offense" when "there is only one crime but the statute's language or structure provides different ways of committing the crime." *State v. Allen*, 253 Ariz. 306, 337, ¶ 82 (2022).

¶8        A.R.S. § 13-3405(A)(4) provides that "a person shall not knowingly . . . [t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana." As in *Bouhdida*, we do not decide whether that language defines a "single unified offense." *See* 258 Ariz. at 545, ¶ 15. Whether an offense is expungable ultimately depends not on the elements of the offense but on the defendant's conduct. *See State v. Santillanes*, 254 Ariz. 301, 308, ¶¶ 32-33 (App. 2022) ("Because Arizona law did not criminalize the specific 'offenses' now eligible for expungement, the superior court's inquiry into a petitioner's arrest, charge, conviction, or sentence may extend beyond the elements of the underlying offense."), *vacated in part by* 256 Ariz. 534, 543, ¶ 39 (2024) (vacating paragraphs 1 and 7-21 only); *see also State v. Cisneros*, 255 Ariz. 564, 568, ¶ 19 (App. 2023) (A conviction for drug paraphernalia did not qualify for expungement because it "unequivocally involved methamphetamine."). Thus, where a conviction results from a plea, the court may consider the plea agreement, the factual basis for the plea, and admissible evidence to determine whether the expungement requirements are satisfied. *See Santillanes*, 254 Ariz. at 304, 308, ¶¶ 4, 33 (Where a plea agreement and factual basis were silent about the amount of marijuana involved in a facilitation to transport or sell conviction, the court could consider any admissible evidence to determine expungement eligibility.); *Cisneros*, 255 Ariz. at 565, 569, ¶¶ 3, 19 (Where the factual basis for a plea to possession of drug paraphernalia used to store "methamphetamine or marijuana" described the main use as for storing methamphetamine, the court properly found the conviction ineligible for expungement.). Here, a presentence investigation report described all the relevant charges as resulting from Garcia's admitted sales of marijuana, and the factual bases for the relevant guilty pleas each described the "sale of marijuana."

¶9        On this record, the superior court did not err by deeming expungement unavailable for Counts 1 to 3.

## CONCLUSION

¶10        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR